**7264**

NO. 7264

STATE OF LOUISIANA

STATE, EX REL, SIMON J. LEVY

COURT OF APPEAL

VS

HON. E. K. SKINNER, JUDGE.

PARISH OF ORLEANS.

St. Paul, Judge.

Relator sued for $150 of past due rent. He alleged that there was also due him under the lease the further sum of $450 in nine monthly instalments of $50 each, not yet matured; and he made the necessary allegations for a writ of provisional seizure.

He asked for judgment presently for $150, and in substance, for further judgment for the amount of each note as it matured. He also asked that the provisional seizure be maintained and that the property seized be sold to satisfy his matured claim at once, and his unmatured claims as they would become due.

The writ issued, but the judge released the seizure on a bond for $250, of which relator now complains as not being sufficient.

Admittedly the lease contains no clause by which the failure to pay one or more installments. And because of this the respondent judge thought the relator's "claim" amounted to only $150, to wit, the amount actually matured; so that he released the property seized on a bond sufficient only to cover that amount. C.P. 287.

We think this was error. The amount of relator's "claim" in the suit, is the total amount which he seeks to recover therein.

And since Art 287 C. P. expressly authorizes a seizure for rent not yet matured, and the law abhors a multiplicity of suits when the object sought may be attained in single suit, it follows that the landlord must be entitled to judgment for his rent as it matures in the same suit in which the provisional seizure issued.

The Sheriff, however, should not at any one time sell more of the seized property than will suffice to pay the amount then matured; the rest he should hold until satisfaction of the claim in full as it matures.

Under the circumstances a bond for $250 was not sufficient. It should be for an amount sufficient to protect plaintiff's whole claim, to wit, $600.

It is therefore ordered that the writ of prohibition herein issue be made perpetual; that the order of the court below releasing the seized property on a bond for $250 be annulled; and that the sheriff again take into his possession the released property and hold same subject to the further orders of the court.